```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

STEVEN GOMES LOBO,            )
          Movant,             )
                              )
     v.                       )   C.A. No. 05-10281-NG
                              )
JUDGE MURPHY, et al.          )
          Defendants.         )

## MEMORANDUM AND ORDER

For the reasons stated below, Lobo's motion will be denied and this action dismissed.

## BACKGROUND

On February 3, 2005, Steven Gomes Lobo, an inmate at FCI Fairton in New Jersey, filed a four-page document titled "Motion for Default Judgment Under Civil Rule 55(a)." The case caption of the Motion lists Lobo as "petitioner" and as "defendants" he lists a state court judge, attorney and parole board. Lobo did not pay the filing fee for this action, nor did he submit an application for waiver of prepayment of the filing fee with a certified prison account statement.

In his motion, Lobo repeatedly references a state court criminal action arising out of the Bristol County Superior Court and assigned docket number BRCR 1995-36666. Although not entirely clear, Lobo apparently seeks this Court's assistance in having the Clerk enter a default against the

defendants for their alleged failure to respond to the various letters, requests and notices he sent to the defendants from October 7, 2003 through November 22, 2004. Lobo's motion is accompanied by several exhibits. See Exhibits; Blackstone Realty, LLC v. FDIC, 244 F.3d 193, 195 (1st Cir. 2001) (pursuant to Fed. R. Civ. P. 10(c), court may treat exhibits to the complaint as "a part [of the pleading] for all purposes" including a motion to dismiss).

The Court's records indicate that on November 19, 2002, Lobo was sentenced to seventy-two months imprisonment for violation of controlled substance laws. See United States v. Gonsalves, C.R. No. 01-10165-EFH-2 (Steven Lobo).

## DISCUSSION

Even according Lobo's pro se motion the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), it reveals no basis for the exercise of subject matter jurisdiction over Lobo's suit, which therefore must be dismissed.

Lobo brings this action pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Rule 55 of the Federal Rules of Civil Procedure governs default judgments. Subsection (a) authorizes the clerk to enter a party's

default when a party against whom a judgment is sought fails to plead or otherwise defend a lawsuit.  See Fed. R. Civ. P. 55.  Before a default or default judgment can be entered against a defendant, service of process must be effective under the Federal Rules of Civil Procedure.  <u>Maryland State Firemen's Association v. Chaves</u>, 166 F.R.D. 353(D. Md. 1996).  Additionally, the Court must have jurisdiction over the party against whom the judgment is sought, <u>Patray v. Northwest Pub., Inc.</u>, 931 F. Supp. 865, 869 (N.D. Ga. 1996).

Other than the instant action, Lobo does not have an action pending against these defendants.  To the extent Lobo seeks to file a lawsuit, he has not filed a civil complaint, <u>see</u> Fed. R. Civ. P. 3 (civil action commenced by filing a complaint), nor has he paid the requisite filing fee, or requested waiver of the filing fee.  The Clerk shall send Lobo with this Order a copy of Step by Step: A Guide to Filing a Civil Action.

CONCLUSION

ACCORDINGLY, Lobo's motion for default judgment is denied and this action is DISMISSED without prejudice for the reasons stated above.  The Clerk shall send Lobo with this Order a copy of Step by Step: A Guide to Filing a Civil Action.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>17th</u> day of <u>February</u>, 2005.

                                    <u>/s/ Nancy Gertner</u>

                                    NANCY GERTNER
                                    UNITED STATES DISTRICT JUDGE